Dear Mr. Meyer:
This is in response to your request for an opinion on the following question:
 Shall the Presiding Judge of the County Court be considered an ex-officio member of the Board of Education under Section 162.301(3), RSMo [Supp. 1981], so that the Presiding Judge may not contract with the Board of Education and receive payment for services rendered.
Section 162.261, RSMo Supp. 1981, provides:
 The government and control of a six-director school district, other than an urban district, is vested in a board of education of six members, who hold their office for three years, except as provided in section 162.241, and until their successors are duly elected and qualified. Any vacancy occurring in the board shall be filled by the remaining members of the board; except that if there are more than two vacancies at any one time, the county court upon receiving written notice of the vacancies shall fill the vacancies by appointment. The person appointed shall hold office until the next municipal election, when a director shall be elected for the unexpired term.
Section 162.301, RSMo Supp. 1981, provides:
 1. Within seven days after the election of the first school board in each six-director district, other than an urban district, and within seven days after each annual election, the board shall meet. The newly elected members shall qualify by taking the oath of office prescribed by article VII, section 11, of the Constitution of Missouri.
 2. The board shall organize by the election of a president and vice president, and the board shall, on or before the fifteenth day of July of each year, elect a secretary and a treasurer, who shall enter upon their respective duties on the fifteenth day of July. The secretary and treasurer may be or may not be members of the board. No compensation shall be granted to either the secretary or the treasurer until his report and settlement are made and filed or published as the law directs.
 3. A majority of the board constitutes a quorum for the transaction of business, but no contract shall be let, teacher employed, bill approved or warrant ordered unless a majority of the whole board votes therefor. When there is an equal division of the whole board upon any question except the reemployment of a teacher, the presiding judge of the county court, if requested by at least three members of the board, shall cast the deciding vote upon the question, and for the determination of the question shall be considered a member of the board. (Emphasis added.)
In our view, the presiding judge of the county court is not a regular member of the board or an ex-officio member of the board in the normal sense under Section 162.301.3 but is only considered a member of the board for the purpose of casting the deciding vote when properly requested to do so.
Section 105.458, RSMo, prohibits members of a governing body of a political subdivision from performing services for such political subdivision for any consideration other than official compensation. Because penal statutes are strictly construed, matters or things which are not clearly included cannot be brought within the operation of such statutes by construction. State v. Reid,28 S.W. 172 (Mo.Sup. 1894). Therefore, Section 105.458 would not apply to the presiding judge in the situation you have presented.
However, the presiding judge should not cast any vote on any question in which he is directly or indirectly interested.
CONCLUSION
It is the opinion of this office that the presiding judge of the county court is not a regular member of a school district board under Section 162.301.3, RSMo Supp. 1981, and, therefore, Section105.458, RSMo, is not applicable to the presiding judge.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General